## Case No. 900.

### BANK OF THE METROPOLIS v. BRENT.

[2 Cranch, C. C. 530.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.[2]

NEGOTIABLE INSTRUMENTS —PLACE OF PAYMENT— DEMAND.

If a note be payable at a certain bank, and payment be there demanded, it is not necessary to make a personal demand upon the maker, in order to charge the indorser.

[See note at end of case.]

At law. Assumpsit against the executors of the indorser of George A. Carroll's note for $1,100. After verdict for the plaintiffs, as stated in [Brent v. Bank of the Metropolis] 1 Pet. [26 U. S.] 89, the defendants moved in arrest of judgment because it did not appear by the declaration that demand had been made upon the maker. The declaration stated that the note was negotiable at the Bank of the Metropolis, and that it was demanded at that bank, "where it was payable."

───

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 1 Pet. (26 U. S.) 89.]

THE COURT (THRUSTON, Circuit Judge, absent) overruled the motion, and judgment was rendered for the plaintiffs, which was affirmed by the supreme court of the United States. 1 Pet. [26 U. S.] 89. [For opinion rendered in action on defendants' appeal bond, see Bank of the Metropolis v. Swann, Case No. 902.]

[NOTE. This decision was affirmed by the supreme court in Brent v. Bank of the Metropolis, 1 Pet. (26 U. S.) 89. Mr. Justice Marshall, in delivering the opinion, said: "The circumstances that the indorsers were themselves active in procuring the accommodation for the maker of the note; that the accommodation had been continued for years without a demand on the person of the maker; that it was the invariable usage of the bank, when the maker of an accommodation note resided out of the city, to require, as a condition of the loan, a stipulation that a demand at the bank should be sufficient; that this accommodation would not have been continued, after the removal of the maker out of the city, but on this condition; that the note purports, on its face, to be negotiable at the Bank of the Metropolis,—are facts from which the jury might justifiably infer the agreement of the parties to dispense with a demand on the person of the maker. A verdict having been rendered for the bank, the defendants in the court below filed errors in arrest of judgment. The error alleged is that the first count in the declaration neither charges a personal demand on the maker of the note, nor excuses the omission to make such demand. The declaration certainly does not charge a demand on the person of the maker; but this was not necessary, if the parties had agreed that a demand at the bank should be substituted for a demand on the maker. The plaintiffs in error contend that the agreement is not alleged in the declaration, and we admit that the omission to make this averment would be fatal. In that event, the plaintiff below would have shown no cause of action. But the declaration avers a demand of the note 'at the Bank of the Metropolis,' where the said note was payable. The note is set out in the declaration, and does not purport, on its face, to be made payable at the bank. But the averment in the declaration that it was payable there cannot be true, unless there was an agreement of the parties to that effect. It is an averment which must have been proved at the trial, or the plaintiff below could not have obtained a verdict and judgment. After a verdict, it is, we think, sufficient to sustain the judgment."]